IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CONRAD NICHOLS,

        Plaintiff,

    v.

J. JACOBY, et al.,

        Defendants.

Civil No. 08-1100-BR

ORDER

BROWN, Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the Court are several matters.

### I. Plaintiff's Motion for TRO and Motion for Preliminary Injunction

    Plaintiff's Complaint alleges his constitutional rights were violated when prison officials, in retaliation for Plaintiff's exercise of his right of access to the courts, searched his cell and confiscated legal documents pertaining to another case. He

1 - ORDER -

also alleges the search and confiscation of his documents and other property violated his Fourth Amendment rights and due process rights.

In his Motion for TRO, Plaintiff alleges Defendants are "punishing him twice for the same violations of rules he was sanctioned for in a prior hear[ing]." He seeks an order suspending the sanctions.

In his separate Motion for Preliminary Injunction, Plaintiff alleges he is subjected to continuing harassment, as Defendants continue to "search his property every week, some times twice a week." Plaintiff seeks a "protective order" but he does not specify what he wishes to be protected from or what other injunctive relief he seeks. Presumably, Plaintiff wishes an order preventing further searches of his cell.

**A.    Legal Standards**

Whether to grant or to deny a motion for preliminary injunction or a motion for a temporary restraining order is within the equitable discretion of the court. *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). The Ninth Circuit recognizes two alternative standards for preliminary injunctions. *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dep't of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005)(citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113,

2 - ORDER -

1120 (9th Cir. 2005)). An order properly issues under the traditional standard if the court determines Plaintiff has shown "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Ranchers*, 415 F.3d at 1078. Under the "alternative standard," a temporary restraining order properly issues when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id*.

"Serious questions" are those "questions which cannot be resolved one way or the other at the hearing on the injunction." *Rep. of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Serious questions are "substantial, difficult and doubtful" enough to require more considered investigation. Id. Such questions need not show a certainty of success nor even demonstrate a probability of success, but they "must involve a 'fair chance of success on the merits.'" *Id*. (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

The requirement for showing a likelihood of irreparable harm prior to trial increases or decreases in inverse correlation to the probability of success on the merits at trial. *Diamontiney v.*

3 - ORDER -

*Borg*, 918 F.2d 793, 795 (9th Cir. 1990). *See also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999) (these factors represent two points on a sliding scale: "the greater the relative hardship to the moving party, the less probability of success must be shown") (citation omitted). The essence of the court's inquiry is whether the balance of equities favors granting preliminary relief. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).

**B.   Analysis**

Plaintiff's Motion for Temporary Restraining Order contains allegations completely unrelated to the claims alleged in his Complaint. The relief sought in his motion does not in any way pertain to his claims that his property was unlawfully confiscated. As such, Plaintiff has shown neither any reasonable likelihood of success nor the possibility of irreparable injury. Accordingly, Plaintiff is not entitled the relief sought. Plaintiff's Motion for Temporary Restraining Order is denied.

Plaintiff's Motion for Preliminary Injunction seeks a "protective order" against Defendants, presumably enjoining Department of Corrections employees from searching his cell. Inmates do not have a reasonable expectation of privacy in their cells, and they cannot bring a Fourth Amendment claim for unreasonable search and seizure based on a cell search. *See*

4 - ORDER -

*Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[t]he recognition of privacy rights for prisoners in their individual cells cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions").  As such, Plaintiff cannot prevail on a Fourth Amendment claim.

With respect to Plaintiff's First Amendment claim, Plaintiff presents no evidence that the prison searches have resulted in the confiscation of legal papers which cause him actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (in order to prevail on First Amendment access to courts claim, an inmate must demonstrate actual injury, *i.e.*, a specific instance in which he was denied the tools needed to litigate in (1) a criminal trial or appeal, (2) a habeas proceeding, or (3) a § 1983 case challenging the conditions of his confinement).  Accordingly, Plaintiff is not entitled to preliminary injunctive relief in the form of an order precluding future cell searches.  Plaintiff's Motion for Preliminary Injunction is denied.

**II.  Plaintiff's Motion to Consolidate**

Plaintiff seeks an order consolidating this civil rights action with a state habeas corpus action currently pending in the Malhuer County Circuit Court.  This Court lacks jurisdiction over the pending state court action, and possesses no authority to

5 - ORDER -

consolidate this federal civil rights case therewith. Accordingly, Plaintiff's request is denied.

### III. Plaintiff's Motion for Appointment of Counsel

Plaintiff again moves for appointment of counsel. For the reasons set forth in the Court's November 7, 2008, Order (#10) denying Plaintiff's original Motion for Appointment of Counsel, the Court DENIES the current motion.

### IV. Defendants' Motion for Summary Judgment

The parties having fully briefed Defendants' Motion for Summary Judgment (#59), the Motion is taken UNDER ADVISEMENT this date.

## CONCLUSION

For these reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Temporary Restraining Order (#16) and Motion for Preliminary Injunction (#21) are DENIED;
2. Plaintiff's Motion to Consolidate (#45) is DENIED;
3. Plaintiff's Motion for Appointment of Counsel (#72) is DENIED;
4. Defendants' Motion for Summary Judgment (#59) is taken UNDER ADVISEMENT this date.

IT IS SO ORDERED.

DATED this 31st day of July, 2009.

                         /s/ Anna J. Brown

6 - ORDER -

ANNA J. BROWN
United States District Judge

7 - ORDER -