FILED'10 JAN 15 12:02USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CONRAD NICHOLS,**

**Plaintiff,**

**v.**

**J. JACOBY, Correctional Officer; JASON EMERT, Correctional Officer; ORR, Captain; and MARK NOOTH, Superintendent,**

**Defendants.**

**Civil No. 08-1100-BR**

**OPINION AND ORDER**

**CONRAD NICHOLS**
SID #11541952
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

Plaintiff *Pro Se*

**JOHN R. KROGER**
Attorney General
**KRISTIN A. WINGES**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

Attorneys for Defendants

**BROWN, Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendants' Motion for Summary Judgment (#59). For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** this action.

**SUMMARY OF FACTS**

Plaintiff filed a state-court civil habeas corpus action in Malheur County Circuit Court, Case No. 08-04-6603H. The state court denied the habeas petition and closed the case on May 8, 2008. Plaintiff filed a letter requesting reconsideration of the dismissal, which the state court denied on May 21, 2008. Plaintiff filed further documents in the case on June 20, 2008, and July 17, 2008.

On May 24, 2008, Defendant Rhonda Orr ordered Defendants Jacoby and Emmert to search Plaintiff's cell. Officers Jacoby and Emert conducted the cell search according to Oregon Department of Corrections ("ODOC") rules to determine whether Plaintiff possessed any contraband.[1] The officers found several items which

[1]"Contraband" is defined as "[a]ny article or thing which an inmate is prohibited by statute, rule or order from obtaining, possessing, creating or which the inmate is not specifically authorized to obtain or possess or which the inmate alters without authorization." Or. Admin. R. 291-117-0008(2).

Plaintiff may have obtained by bartering, trading, providing a service, threatening, or extorting them from another inmate. Petitioner had defaced some of the items by scratching off/removing/altering another inmate's SID number and placing his own SID number on them. The officers confiscated Plaintiff's property and secured it in Rhonda Orr's office.

An investigation followed to determine whether Plaintiff had purchased any of the apparent contraband items from the prison canteen. The investigation showed he had not purchased several of the items. A misconduct report was issued as to contraband items. The items Plaintiff legally possessed were returned to him.

On June 3, 2008, a disciplinary hearing commenced on the misconduct report. The hearing was recessed to June 23, 2008, pending further investigation.

In the meantime, on June 6, 2008, Plaintiff filed an inmate grievance regarding the May 24, 2008, search. The grievance was received on June 12, 2008.

At the June 23, 2008, hearing, the Disciplinary Hearing Officer ("DHO") found Plaintiff in violation of Contraband II. and sanctioned Plaintiff to placement in the Disciplinary Segregation Unit ("DSU") from June 28, 2008, to November 29, 2008.

When Plaintiff entered DSU, an officer inventoried Plaintiff's property and noted two boxes of legal work. Plaintiff

accessed his legal materials twice while housed in DSU: on July 7, 2008, and November 14, 2008.

Through the grievance process related to Plaintiff's complaint about the cell search, it was determined that Plaintiff's property was properly stored while he was in special housing. Some items taken from Plaintiff's cell which Plaintiff legally possessed and which could not be accounted for were replaced.

**PROCEDURAL BACKGROUND**

On September 18, 2008, Plaintiff filed this civil rights action in this Court. Plaintiff names as Defendants Officers Jacoby and Emert, Rhonda Orr, and SRCI Superintendent Mark Nooth. Plaintiff alleges three claims for relief.

First, Plaintiff alleges Defendants violated his First Amendment rights by taking legal documents and other property during the May 24, 2008, cell search in retaliation for Plaintiff filing a state court action to redress a grievance against another SRCI official. In his second claim, Plaintiff alleges Defendants violated his Fourth Amendment rights by taking legal documents from an ongoing case and refusing to return them. Finally, Plaintiff alleges Defendants violated his due process rights by seizing the legal materials and other property. By way of remedy Plaintiff seeks injunctive relief prohibiting ODOC officials from

taking any retaliatory actions against Plaintiff, as well as money damages.

Defendants move for summary judgment. They maintain that they did not violate any of Plaintiff's constitutional rights and that they are entitled to qualified immunity.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the non-moving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004) (citing *Sherman Oaks Med. Arts Ctr., Ltd. v.*

*Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the non-moving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

When a plaintiff is appearing pro se, the court must consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The Court "must consider the motion papers

as well as such other papers in the record to which they refer." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (citing *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028-31 (9th Cir. 2001)). In addition, the court has a duty "to construe pro se pleadings liberally," and afford the plaintiff the benefit of any doubt, especially in the context of a *pro se* prisoner civil rights case. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citing *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)).

## DISCUSSION

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To defeat Defendants' Motion for Summary Judgment, Plaintiff must establish there are triable issues of fact as to either of the following elements: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right." *L.W. v. Grubbs (Grubbs I)*, 974 F.2d 119, 120 (9th Cir. 1992).

## I. Denial of Access to the Courts

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted).

The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3 & 354-555. When a prisoner asserts a backward-looking denial-of-access claim seeking a remedy for a lost opportunity to present a legal claim, the prisoner must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002).

Plaintiff's state habeas case was dismissed May 8, 2009. Plaintiff sought reconsideration, which the state court denied on May 21, 2008. As such, the state case was concluded before Plaintiff's cell was searched on May 24, 2008. Moreover,

Plaintiff continued to participate in the state case after the cell search, filing documents on June 20, 2008, and July 17, 2008.

Plaintiff submits no evidence that the May 24, 2008, cell search and the seizure of his personal property caused any actual injury to his ability to litigate his claims in the state habeas case. Further, Plaintiff does not show he otherwise suffered any other denial of access to the courts. Accordingly, Defendants are entitled to summary judgment on this claim.

**II. Retaliation**

"Deliberate retaliation by state actors . . . is actionable under § 1983." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing *Franco v. Kelly*, 854 F.2d 584, 589 (2nd Cir. 1988)). A prisoner suing prison officials for retaliation must show he "was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). When analyzing a retaliation claim, the court "should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

To prove a retaliation claim, the prisoner must submit evidence to establish a link between the exercise of a constitutional right the allegedly retaliatory action. *Pratt*, 65 F.3d at 807. The prison must also demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Here, Plaintiff did not present evidence that his constitutionally protected actions were a substantial or motivating factor in the Defendants' decision to search his cell, confiscate legal materials, or file misconduct reports against him. Further, Plaintiff offers no evidence to refute that Defendants' actions were taken for the legitimate penological reasons of enforcing ODOC rules Plaintiff was suspected of violating and was subsequently determined to have violated. Because Plaintiff has not shown specific evidence that Defendants' actions were motivated by retaliation, summary judgment must be granted on this claim.

**III. Search and Seizure**

Prisoners have no Fourth Amendment right of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). Further, "[p]rison officials must be free to seize from cells any articles which, in their view, dis-serve legitimate institutional interests."

*Hudson*, 468 U.S. at 528 n.8. Defendants did not violate Plaintiff's Fourth Amendment rights by searching his cell and seizing contraband property, so they are entitled to summary judgment on this claim for relief.

**IV. Due Process**

The "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17; *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Here, Plaintiff had several opportunities to address his concerns regarding the loss of his property. He filed an inmate grievance and, in fact, obtained relief when items of property missing upon his release from DSU were replaced. Accordingly, Defendants are entitled to summary judgment on Plaintiff's due process claim.

**V. Qualified Immunity**

As noted, Defendants contend they are entitled to qualified immunity. The Supreme Court set forth the standard for qualified immunity in *Saucier v. Katz*, 533 U.S. 194 (2001). A government official is entitled to qualified immunity unless his conduct both violated a constitutional right and the constitutional right was clearly defined such that it would be clear to the official that

his conduct was unlawful in the situation confronted. *Saucier*, 533 U.S. at 202-202.[2] Here, as set forth above, Defendants did not violate Plaintiff's constitutional rights. Because Plaintiff's constitutional rights were not impaired by Defendants' actions, the Court need not determine whether Defendants are entitled to qualified immunity.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** Plaintiff's Complaint, with prejudice.

IT IS SO ORDERED.

DATED this 15th day of January, 2010.

ANNA J. BROWN

[2]In *Saucier*, the Supreme Court announced a two-step sequence for resolving qualified immunity claims. First, the courts must decide whether the plaintiff made out a claim of constitutional violation and then, only if the plaintiff satisfied that first step, decide whether the constitutional right at issue was "clearly established." *Saucier*, 533 U.S. at 201. In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that "the *Saucier* procedure should not be regarded as an inflexible requirement" and that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson*, 129 S.Ct. at 818. The Court acknowledged, however, that the lower courts retain full discretion to decide whether to apply the *Saucier* procedure. *Id.* at 821.

United States District Judge